F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
Clerk

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

PEOPLE OF THE STATE OF
COLORADO, a fictitious plaintiff,

    Plaintiff - Appellee,

v.

DENNIS LEON SMITH, a Colorado
state citizen, a creation of nature and
of nature's God,

    Defendant - Appellant.

No. 02-1271
D.C. No. 02-CR-187-Z
(D. Colorado)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Dennis Leon Smith, proceeding pro se, appeals the district court's order

remanding this removed case to state court. We conclude that review of the

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

remand order is barred by 28 U.S.C. § 1447(d) and dismiss the appeal.

Although the removal notice is not included in the record on appeal, it appears from the district court order that Mr. Smith filed a pro se notice of removal in which he attempted to remove a state court criminal prosecution involving four traffic offenses. It further appears that Mr. Smith did not cite to any federal statute in his notice as the basis for removal. The district court stated that only 28 U.S.C. § 1443 appeared relevant and concluded that Mr. Smith had failed to meet the prerequisites for removal under that provision. After the court denied Mr. Smith's motion for reconsideration, Mr. Smith filed this appeal.

Section 1447 provides that

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. §1447(d). Although section 1447(d) permits the appeal of an order remanding a case removed "pursuant to section 1443," in this case, as recited by the district court, Mr. Smith did not remove the case pursuant to section 1443; indeed he did not cite any federal statute as authority for the removal.

Even if we were to construe Mr. Smith's attempt to remove as one made pursuant to section 1443, we would agree with the district court that he has failed to establish the prerequisites for removal under that provision. Section 1443

-2-

authorizes the removal of civil and criminal cases involving laws providing for equal civil rights. Under subsection (1) a state court defendant may remove an action if he shows he is being denied or cannot enforce in state court "a right under any law providing for the equal civil rights of" citizens or people within the jurisdiction of the United States, while under subsection (2) a defendant may remove an action based on acts "under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.[1] The "law providing for the equal civil rights" referred to in subsection (1) must arise under a federal statute providing for specific civil rights stated in terms of racial equality. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). The first part of subsection (2) applies only to federal officers, and the second part applies only to state officers. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824, 824 n.22 (1966).

---

[1]Section 1443 provides in full:
   Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
      (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
      (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
28 U.S.C. § 1443.

Mr. Smith has made no showing that he is either a state or a federal officer for purposes of subsection (2). Moreover, the record contains no indication that Mr. Smith claims he is being denied or cannot enforce a right under a statute relating specifically to racial equality. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Although Mr. Smith's brief on appeal is virtually unintelligible, careful scrutiny does not reveal any reference that could be construed to invoke a statute specifically directed to racial equality.

Mr. Smith's motion to proceed in forma pauperis is denied and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge